**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00172-LTB

**NIGEL GILLINGS**,

    Plaintiff,

v.

**LT. BANVELOS**;
**LT. YAGAR;** and
**H. WALKER**,

    Defendants.

---

**ORDER OF DISMISSAL**

---

Plaintiff, Nigel Gillings, is a federal prisoner in the custody of the Federal Bureau of Prisons (BOP). He currently is confined at the Federal Correctional Institution at McDowell, in Welch, West Virginia. Mr. Gillings has filed *pro se* an Amended Prisoner Complaint (ECF No. 13) pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) claiming his rights under the United States Constitution were violated while he was detained at a United States Penitentiary in Colorado in May of 2012.

### A.  Mandatory Screening and Standards of Review

In 1996, as part of the Prison Litigation Reform Act (PLRA), Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief. 28 U.S.C. § 1915(e)(2)(B). *See Creamer v. Kelly*, 599 F. App'x 336 (10th Cir. 2015) ("Under §§ 1915(e)(2)(B)(i) and (ii), a court must screen a complaint filed IFP and dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious or fails to state a claim on which relief may be granted.") (internal quotation and citation omitted).

In addition, 28 U.S.C. § 1915A, entitled "Screening," requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Further, the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e requires the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." *See* 42 U.S.C. § 1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 8). Moreover, Defendants are employees of a governmental entity. In addition, he is complaining about the conditions of his confinement. Thus, his Complaint must be reviewed under the authority set forth above.

In reviewing complaints under these statutory provisions, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S.

41, 45–46 (1957)).  The question to be resolved is:  whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]"  *Bell Atlantic Corp.*, 550 U.S. at 555.  When reviewing a complaint for failure to state a claim, the Court may also consider documents attached to the complaint as exhibits.  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (internal citation omitted).  Moreover, a legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  *See also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional).

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se* litigant's advocate.  *See id.  Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and it would be futile to allow the plaintiff to amend.  *Andrews v. Heaton,* 483 F.3d 1070, 1074 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

### B. Plaintiff's Allegations

Plaintiff claims that on the dates May 21, 2012 through May 24, 2012, while he was incarcerated at the United States Penitentiary in Colorado, he was forced to sleep on the ground within a cage, without privacy in front of the Special Housing Unit. In the morning hours, he was forced to sleep on the floor and live in the multi-purpose room and electronic law library. These areas have no toilet, lighting or sink. Plaintiff was forced to defecate in a bag and urinate in a container in public. He claims that there were available cells during this time period.

He further claims that he attempted to present this issue to the BOP through its Administrative Remedy Program (ARP), which is available to federal prisoners. *See* 28 C.F.R. §§ 542.10–542.19. Although, Applicant alleged that he attempted to present his issues through the ARP, BOP records show that his requests were untimely filed (ECF No. 34, p. 15).

For the reasons stated below, the Complaint and the action will be dismissed pursuant to the screening authority set forth above. An appropriate order follows.

### C. Limitations Period

*Bivens'* claims are governed by the appropriate state-law limitation period for personal injuries; in Colorado, that period is two years. *See e.g., Appleby–El v. Catron*, 84 F. App'x 9, 10 (10th Cir. 2003) (unpublished) (citing *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) and C.R.S. § 13–80–102. Thus, to be timely, the Plaintiff must have commenced this action within two years of the accrual of his claims. A claim accrues, and the statute of limitations begins to run, on the date when the plaintiff knows or should know of the existence and cause of the injury upon which his claim is based. *Hoang Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004). The fact that a detrimental decision by BOP could later have been reversed through the grievance process does not extend the accrual date of claims. *Adams v. Wiley*, 398 F. App'x 372 (10th Cir. 2010).

The statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). However,

the court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense").

The events on which Mr. Gillings' claims are premised occurred between May 21, 2012 and May 24, 2012. Mr. Gillings also alleges facts that demonstrate he was aware of his injuries at that time. Therefore, because this action was not filed until January 26, 2015, the affirmative defense of the statute of limitations is obvious on the face of the Amended Complaint.

On May 16, 2015, the Court ordered Mr. Gillings to show cause why the Amended Complaint should not be dismissed as untimely. He specifically was advised to address the issue of whether the statute of limitations should be tolled as a matter of equity or for any other reason. Mr. Gillings filed responses on June 4, 2015 (ECF No. 23) and on October 2, 2015 (ECF No. 34). In his responses, he argues that the statute of limitations should be tolled while he exhausted his administrative remedies pursuant to the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a).

Tolling of a state statute of limitations is governed by state law. *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007). Thus, the question presented is whether Colorado law recognizes such a toll. There is no Colorado statute or case law that automatically tolls the statute of limitations while pre-suit administrative remedies are exhausted. *Braxton v. Zavaras*, 614 F.3d 1156 (10th Cir. 2010). Thus, the issue is whether equitable tolling is available. *See e.g., Roberts v. Barreras*, 109 F. App'x 224, 226 (10th Cir. 2004). In this regard, Colorado recognizes that "equity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996). At the same time, "statutes

5

of limitations compel litigants to pursue their claims in a timely manner." *Id*. at 1099. Thus, equitable tolling is limited "to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Id*.

The Colorado Supreme Court has yet to find a case that qualifies as an "extraordinary circumstance" that would justify tolling. However, that court has relied on cases from other jurisdictions to illustrate that tolling may apply when a plaintiff is truly precluded from filing suit. *See Dean Witter*, 911 P.2d at 1097.

Under the PLRA, Mr. Gillings was required to exhaust all available administrative remedies prior to filing this suit in federal court. 42 U.S.C. § 1997e(a). Failure to do so could result in dismissal of his action. *See, e.g.*, *Jernigan v. Stuchell*, 304 F.3d 1030, 1032–33 (10th Cir. 2002). Accordingly, the PLRA's exhaustion requirement could constitute a circumstance "mak[ing] it impossible for [a] plaintiff to file his or her claims within the statutory period," thus entitling a plaintiff to equitable tolling, "so long as [he or she] makes good faith efforts to pursue the claims when possible." *See Dean Witter*, 911 P.2d at 1097. Thus, whether Mr. Gillings is entitled to equitable tolling depends on whether he diligently pursued his claims with respect to exhausting his administrative remedies.

The administrative remedy process available to inmates in federal custody is the BOP's Administrative Remedy Program. The BOP employs a four-step process to address inmate claims. First, inmates must attempt to informally resolve the issue before filing a request for administrative remedy. 28 C.F.R. § 542.13(a). Second, if an inmate is unable to informally resolve his complaint, he may file a formal written complaint (form B-9), within 20 calendar days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.14(a). The inmate must date and sign the request and submit it to the institutional staff member designated to receive such requests (ordinarily a

correctional counselor). 28 C.F.R. § 542.14(c)(4). The warden has 20 calendar days in which to respond. 28 C.F.R. § 542.18. If an inmate is not satisfied with the warden's response, he may submit an appeal on form B-10 to the Regional Director within 20 calendar days from the date of the warden's response. 28 C.F.R. § 542.15(a). The Regional Director has 30 calendar days in which to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the General Counsel within 30 calendar days from the date of the Regional Director's response. 28 C.F.R. § 542.15(a). The General Counsel has 40 calendar days to respond. 28 C.F.R. § 542.18. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level. *Id*.

Where an inmate reasonably believes a matter is sensitive and would endanger his safety or well-being if its substance were widely known, the inmate may submit his initial complaint directly to the Regional Manager instead of the Warden. 28 C.F.R § 542.14(d). The inmate must clearly mark "Sensitive" upon the request and explain, in writing, the reason for not submitting it at the institution. If the Regional Administrative Remedy Coordinator agrees that the request is sensitive, the request is accepted; otherwise, the request is not accepted and the inmate is advised in writing of that determination. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden, who shall allow a reasonable extension of time for such a resubmission. *Id*.

Plaintiff claims that he submitted two informal requests but that he never received any responses (ECF No. 23, p. 3). However, if his assertions are true, Mr. Gillings could simply have proceeded by appealing his request to the next level. *See* C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.") Moreover, BOP records show that his BP-9s

were untimely (ECF No. 34, p. 15).

It is clear that Plaintiff has failed to exhaust his administrative remedies. He admits that his BP-9s were deemed untimely. Moreover, he failed to file any proper BP-10s as none contained any indication that they were being filed under the "sensitive" exception in 28 C.F.R. §542.14(b). In addition, he did not seek to file at the institutional level after being advised that he was required to do so. Finally, he waited six months after receiving his last response from BOP to file the instant action.

In *Rosales v. Ortiz*, 325 F. App'x 695 (10th Cir. 2009), upon completing the grievance process, plaintiff had six months to file his action before the statute of limitations expired. However, he did not refile his action in federal court until more than ten months after exhausting his administrative remedies, and thus, over four months too late. The Court of Appeals for the Tenth Circuit declined to apply equitable tolling in that case reasoning that ample time for filing within the two-year limitations period remained after the exhaustion of remedies but that the plaintiff failed to diligently pursue his opportunity to file. *Id*. at 699.

This Court finds the reasoning of *Rosales* persuasive. It is clear from the record in this case that Plaintiff failed to diligently pursue his opportunity to file. Because he did not pursue his claims with diligence, he is not entitled to equitable tolling. Neither the defendants nor extraordinary circumstances stood in the way of Plaintiffs' filing suit within the statutory period; only his own inaction prevented him from filing in a timely manner. *Accord Braxton v. Zavaras*, 614 F.3d 1156, 1161-1163 (10th Cir. 2010).

Without a showing of circumstances warranting equitable tolling under Colorado's relatively restrictive definition of that doctrine, the Court finds that the Plaintiff's action is untimely and will be dismissed with prejudice. *See Fractus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (a court may *sua sponte* consider an affirmative defense for purposes of dismissal under § 1915 when the

defense is obvious from the face of the complaint and not further factual record is required); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (holding a dismissal based on statute of limitations is judgment on the merits).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

**ORDERED** that the Complaint and this action is dismissed with prejudice. It is

**FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is denied.

DATED at Denver, Colorado, this   20th   day of   October  , 2015.

BY THE COURT:


  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court